Thomas M. Kerr (State Bar No. 241530)
E-mail: tom.kerr@hro.com
Jonathan G. Fetterly (State Bar No. 228612)
E-mail: jon.fetterly@hro.com
HOLME ROBERTS & OWEN LLP
800 W. Olympic Boulevard, 4th Floor
Los Angeles, CA  90015
Telephone:  (415) 268-2000
Telephone:  (213) 572-4300
Facsimile:  (415) 268-1999
Facsimile:  (213) 572-4400

JS-6

Attorney for Plaintiffs
MOTOWN RECORD COMPANY, L.P.;
UMG RECORDINGS, INC.; WARNER
BROS. RECORDS INC.; and SONY
MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and SONY MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>                    Plaintiffs,<br><br>  vs.<br><br>JODY BRINK,<br><br>                    Defendant. | Case No.:   2:09-cv-02825-RGK-CW<br><br>Hon. R. Gary Klausner<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION** |

_____

[Proposed] Judgment and Permanent Injunction
Case No. 2:09-cv-02825-RGK-CW
#45518 v1 saf

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant shall pay to Plaintiffs in settlement of this action the total sum of $6,710.00.

2. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $490.00.

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

    a. using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

    b. causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an

Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

4. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

5. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of

1  any right under federal copyright law or state law occurring after the date Defendant
2  executes the Stipulation to Judgment and Permanent Injunction.

4      7.    The Court shall maintain continuing jurisdiction over this action for the
5  purpose of enforcing this final Judgment and Permanent Injunction.

8  Dated: July 23, 2009           By: _____
                                       Hon. R. Gary Klausner
                                       United States District Judge

3

[Proposed] Judgment and Permanent Injunction
Case No. 2:09-cv-02825-RGK-CW
#45518 v1 saf